IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DARRON TILLISON, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civ. No. 19-229-LPS |
| | : |
| STATE OF DELAWARE, et al., | : |
| | : |
| Defendants. | : |

Darron Tillison, Newark, Delaware, Pro Se Plaintiff.

**<u>MEMORANDUM OPINION</u>**

May 20, 2020
Wilmington, Delaware



**STARK, U.S. District Judge:**

## I.     INTRODUCTION

Plaintiff Darron Tillison ("Plaintiff") filed this action pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985.  (D.I. 2)  He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4)  The Court proceeds to review and screen the matter pursuant to 28 U.S.C. § 1915(e)(2)(b).

## II.    BACKGROUND

Plaintiff alleges his constitutional rights were violated on October 18, 2018, when he was stopped by Defendant Trooper Michael Adkins ("Adkins") for an alleged "seat belt violation." (D.I. 2 at 1)  Defendants Trooper John Doe 1 ("Doe 1") and Sgt. Mark Papili ("Papili") arrived at the scene to assist.  (*Id.*)  When Defendant Trooper John Doe 2 ("Doe 2") arrived, Plaintiff alleges that Doe 2 "illegally obtained" Plaintiff's fingerprints.  (*Id.*)  Plaintiff alleges that all Defendants "became belligerent, and based upon racially biased motivation, would not acquiesce" to Plaintiff's request to inform him of "what (if any) criminal violation he committed."  (*Id.*)

Plaintiff alleges that he was unlawfully detained without "reasonable articulable suspicion;" he was handcuffed and temporarily imprisoned, and his vehicle towed and impounded.  (*Id.* at 2) He alleges Defendants' actions were racially motivated in violation of 42 U.S.C. § 1985.  In addition, he alleges Defendants violated his rights under Article 1, Section 6 of the Delaware Constitution and the Fourth Amendment of the United States Constitution and fall under the purview of 42 U.S.C. § 1983.

Plaintiff seeks compensatory damages.

## III.   LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief."

1

*Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a

cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *See Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV.   DISCUSSION

### A.   Eleventh Amendment

Plaintiff has named as defendants the State of Delaware and Delaware State Troopers Troop No. 6. Troop No. 6 falls under the umbrella of the Delaware State Police, an agency of the State of Delaware. The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the kind of relief sought. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant." *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir.

3

1981) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)). Delaware has not waived its immunity from suit in federal court; although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983. *See Brooks-McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. Jan. 11, 2007). Further, a state agency "is not a person" subject to claims under 42 U.S.C. § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

Accordingly, the Court will dismiss Defendants State of Delaware and Delaware State Troopers Troop No. 6., pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii), as they are immune from suit.

**B.     42 U.S.C. § 1983**

Liberally construing the allegations, and given Plaintiff's statement that he was travelling in his vehicle performing his usual avocations, he appears to allege that he was unlawfully stopped by Adkins on October 18, 2018, for an alleged seat belt violation. He also appears to allege an unlawful detention when he was handcuffed and "temporarily imprisoned." (D.I. 2 at 2)

When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988). Under section 1983, a plaintiff may file a claim for false arrest/imprisonment stemming from his or her Fourth Amendment guarantee against unreasonable seizures. *See* U.S. Const. amend. IV; *Basile v. Township of Smith*, 752 F. Supp. 2d 643, 650 (W.D. Pa. 2010). Generally, a person is "seized" for the purposes of the Fourth Amendment when "a police officer accosts an individual and restrains his freedom to walk away." *Couden v. Duffy*, 446 F.3d 483, 494 (3d Cir. 2006) (quoting *Terry v. Ohio*, 392 U.S. 1, 16 (1968)). With some exceptions, a seizure is "reasonable only where it is justified by a warrant or probable cause." *Couden*, 446 F.3d at 494. In addition, the United States Supreme Court has recognized that a traffic stop is a "seizure" within the meaning of the Fourth Amendment, "even though the purpose of the stop is limited and the resulting detention quite brief." *Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *see also Whren v. United*

4

*States*, 517 U.S. 806, 809-10 (1996) ("Temporary detention of individuals during the stop of an automobile by the police, even if only for a brief period and for a limited purpose, constitutes a 'seizure' of 'persons'. . . .").

As alleged, the traffic stop by Adkins was legitimate based the alleged seat belt violation, *see United States v. Mosley*, 454 F.3d 249, 252 (3d Cir. 2006) (explaining that any technical violation of traffic code legitimizes stop even where stop is pretextual), and, therefore, the traffic stop was not unjustified in the manner that Plaintiff claims. In addition, while Plaintiff asserts that Adkins' stop was unlawful, he fails to allege any facts to support that claim. Nor do his conclusory allegations that he was detained without reasonable articulable suspicion suffice to state a claim. A mere allegation that a traffic stop was unlawful is insufficient to state a cognizable claim for a Fourth Amendment violation. *See Velez v. Fuentes*, 2016 WL 4107689, at *3 (D.N.J. July 29, 2016) (bare allegation that State Trooper unlawfully stopped Plaintiff was insufficient to state claim for violation of Fourth Amendment).

It is not clear if Plaintiff alleges an unlawful or false arrest. At most, he alleges that he was "temporarily imprisoned," which seems to refer to the traffic stop. To the extent he alleges an unlawful arrest, the claim fails for the simple reason that there is no allegation of an arrest. *See Reid v. Gazo*, 2012 WL 3647341, at *3 (D.N.J. Aug. 23, 2012) ("[T]o state a cognizable Fourth Amendment claim for false arrest, a plaintiff must allege two elements: (1) that there was an arrest; and (2) that the arrest was made without probable cause.").

Finally, the Fourth Amendment does not bar the fingerprinting of a properly-seized person. Because the Complaint does not state a claim for an unlawful traffic stop or unlawful seizure, it also fails to state a claim against Doe 2 for allegedly illegally obtaining Plaintiff's fingerprints. *See Davis v. Mississippi*, 394 U.S. 721, 727 (1969) ("Fingerprinting involves none of the probing into an individual's private life and thoughts that marks an interrogation or search.").

Accordingly, the Court will dismiss the § 1983 claim for failure to state a claim upon which relief may be granted pursuant to 42 U.S.C. § 1915(e)(2)(B)(ii).  Plaintiff will be given leave to amend the claim.

### C. 42 U.S.C. § 1985

Plaintiff alleges that during the traffic stop all Defendants became belligerent and "based upon racially biased motivation" would not respond to Plaintiff's request to inform him of what criminal violation he committed.  Plaintiff also asserts that Defendants' alleged violations were racially motivated, citing 42 U.S.C. § 1985.

To state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege: "(1) a conspiracy of two or more persons; (2) motivated by racial or class-based discriminatory animus designed to deprive, directly or indirectly, any person or class of person to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or to the deprivation of any right or privilege of a citizen of the United States." *Petrosian v. Collins*, 479 F. App'x 409, 410 (3d Cir. May 8, 2012) (citing *Brown v. Philip Morris Inc.*, 250 F.3d 789, 805 (3d Cir. 2001)).

Here, there are no allegations that Defendants agreed to violate Plaintiff's rights.  Instead, the Complaint merely alleges in a conclusory manner that their actions were racially motivated.  Broad allegations are insufficient to state a § 1985 claim.  *See Gach v. Fairfield Borough*, 921 F. Supp. 2d 371, 379 (M.D. Pa. 2013).  As alleged, the Complaint fails to state a claim under 42 U.S.C. § 1985.  Therefore, it will be dismissed  pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Plaintiff will be given leave to amend the claim.

### V. CONCLUSION

For the above reasons, the Court will dismiss the Complaint as against the State of Delaware and Delaware State Troopers Troop No. 6, which are immune from suit, and for failure to state

claims upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii). Plaintiff will be given leave to amend the complaint.

      An appropriate Order will be entered.